

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYLE HEBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5652** |
| **BURL CAIN** | **SECTION "C"(6)** |

## TRANSFER ORDER

Petitioner, KYLE HEBERT, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2000 state court conviction and sentence for attempted first degree murder. To support his challenge, petitioner asserts the following grounds for relief:

1) The state courts erroneously found his applications for habeas relief time-barred pursuant to La.C.Cr.P. art. 930.8, in light of the new interpretation of constitutional law held retroactively application under Crawford v. Washington, 124 S.Ct. 1354 (2004);

2) Petitioner was denied the right to confront and cross-examine his accusers, which ultimately induced him to plead guilty.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Kyle Hebert v. N. Burl Cain, Civil Action 03-1959 "T"(6). In that petition, petitioner raised the following grounds for relief:



1)  He did not enter a knowing or intelligent guilty plea;

2)  The State misstated the law in relation to the charge of attempted first degree murder, which resulted in his misguided guilty plea;

3)  He was denied effective assistance of counsel.

That petition was dismissed with prejudice as untimely by Judgment entered February 9, 2004. Petitioner appealed that judgment to the United States Fifth Circuit Court of Appeals. The Fifth Circuit denied his request for a certificate of appealability. See Rec. Doc. #14. Petitioner's application for a writ of certiorari to the United States Supreme Court was denied in May 2005. See Rec. Doc. #15.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that KYLE HEBERT's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __28__ day of __Sept.__, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE